UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03-CV-627-H

ROBERT FRANKE
and
KENTUCKY ASSOCIATED GENERAL
CONTRACTORS SELF-INSURANCE FUND                          PLAINTIFFS

V.

AIR TECHNICAL INDUSTRIES, et al.                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Intervening Plaintiff, Kentucky Associated General Contractors Self-Insurance Fund (the "Fund"), brings a subrogation claim to recover workers' compensation payments made to and on behalf of Plaintiff, Robert Franke, who had been injured while working on a hydraulic lift. According to its complaint, the Fund has already paid Franke $19,666.43 in total disability benefits and $45,143.22 in medical benefits on his behalf.[1] It has also been ordered to pay permanent partial disability ("PPD") benefits in the amount of $550.66 per week for 425 weeks, which equals $234,030.50. The Fund is also responsible for Plaintiff's future medical benefits pursuant to KRS 342.020. The Fund's motion for summary judgment raises numerous questions about the scope of its subrogation right. The Court will attempt to resolve those issues.

The Fund "may recover...in its own name or that of the injured employee from the other

---

[1] In its Response to Plaintiff's Motion to Dismiss, the Fund claims to have had paid to and on behalf of Plaintiff, through the date of the Mediation, $165,438.02.

person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee, less the employee's legal fees and expense." Ky. Rev. Stat. Ann. § 342.700(1) (2006). To determine the amount the fund may recover through its subrogation claim, the Court must first determine how much of the settlement is available to recover. We must then determine the amount the Fund may claim.

## I.
## Amount of Settlement Available for Recovery by the Fund

Plaintiff, Robert Franke, settled his claims against Gemini and ATI for $425,000. The Fund may not receive any portion of this settlement that is attributable to pain and suffering. The proportion of the settlement attributable to pain and suffering is a question of fact. *Mastin v. Liberal Markets*, 674 S.W.2d 7, 12 (Ky. 1984). That amount is determined by the following formula:

> Recoverable Amount of Settlement = (% of settlement not attributable to pain and suffering) x (amount of settlement)

## II.
## Amount of Subrogation Claim

### A. Past Compensation

The Fund may be indemnified for the workers' compensation total disability benefits and medical benefits already paid to and on behalf of Franke. *AIK Selective Self Ins. Fund v. Bush*, 74 S.W.3d 251, 252 (Ky. 2002). The Fund is not entitled to indemnification for the portion of its payments attributable to Burns' fault. *Id.* The relative fault of Burns is a question of fact. *Id.*

### B. Future Payments

The Fund is entitled to indemnification for the future PPD payments made to Franke. *See Cincinnati Insurance Company v. Samples*, 192 S.W.3d 311, 317 (Ky. 2006). However, the

right to indemnification arises only after the payments are due. *See id.* Thus, when recovery is made by an injured employee from a negligent third party, future payments by the employer and insurer are suspended until such time, if it occurs, that the net amount received by the injured employee from the negligent third party is exceeded by the benefits to which the injured employee would have been entitled in the absence of third party liability. *Id.* At that point in time, the employer and its insurer shall recommence the payment of all benefits. *Id.* Any excess of third-party recovery over past compensation actually paid stands as a credit against the Fund's future liability. *Id.* (citing 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 117.01[5], at 117-9 (Matthew-Bender 2004)). The Fund is entitled to a credit for Franke's entitlement to future PPD benefits.

### C. Attorneys' Fees

The Fund's claim must be reduced by Plaintiff's attorney's fees. Ky. Rev. Stat. Ann. § 342.700(1) (2006). Its claim must also be reduced by Plaintiff's litigation expenses in such proportion as the elements of the settlement subject to statutory subrogation bear to the elements of settlement not subject to statutory subrogation. *Mastin v. Liberal Markets*, 674 S.W.2d 7, 12 (Ky. 1984). Therefore, the amount recoverable under Section II of this Memorandum is as follows:

> Subrogation Claim = (% of fault not attributable to Burns) x (workers' compensation total disability benefits already paid + medical benefits already paid + present value of future PPD benefits[2]) **-** [attorneys fees + (litigation expenses x (non-pain and suffering portion of settlement / amount of settlement))]

Whatever the amount resulting from this calculation, the amount recoverable can be no more

---

[2] The present value of future PPD benefits would be used if parties were to choose to settle for a lump-sum payment. Otherwise, the Court would grant the Fund a credit for future payments in an amount equal to the difference between the Recoverable Amount of Settlement and the Fund's Subrogation Claim.

than that amount derived from the formula in Section I.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court shall calculate the Fund's subrogation claim in accordance with this Memorandum.

IT IS FURTHER ORDERED that the Court will set a conference in the near future. The parties should be prepared to discuss this Memorandum Opinion, the likely results from it and potential settlement of the case.

cc:     Counsel of Record